OPINION
{¶ 1} This appeal arises from the Portage County Court of Common Pleas wherein, appellant, David A. Shaffer ("Shaffer"), was convicted of driving under the influence of alcohol ("DUI"), a fourth degree felony.
 {¶ 2} On September 5, 2001, at approximately 1:30 a.m., Officer Kevin Lafferty, an officer with the Ravenna Police Department, was on patrol, following a car out of a well-known drug area. Both vehicles stopped at a red light. While stopped at the light, Officer Lafferty noticed a vehicle turn into the north driveway of the Eagles Club. When the light changed, Officer Lafferty continued to follow the first vehicle and, lacking any probable cause to stop the vehicle, turned around when the vehicle drove out of city limits. Officer Lafferty turned into the parking lot of the Eagles Club. He testified that he made it a regular practice to do this in order to "make sure everybody got home alright."
 {¶ 3} Officer Lafferty pulled into the lot, shining his searchlight. He was getting ready to leave the lot by the south driveway when he observed a vehicle backing up at a high rate of speed. As he watched the vehicle, he noted that it appeared the car would hit his police vehicle, so he backed up. The vehicle then pulled up next to the officer's vehicle, and the driver rolled down the window. The driver shut off his vehicle and removed the keys from the ignition. Officer Lafferty rolled down his window and asked the driver if there was a problem. He then contacted his dispatcher and requested a check of the vehicle's license plate number. The driver told Officer Lafferty that he was lost. Officer Lafferty then proceeded to find out what street he needed to find. As Officer Lafferty was attempting to give directions, the dispatcher notified Officer Lafferty that the owner of the car, identified as Shaffer, was on a financial responsibility suspension ("FRA") and had several DUIs. Officer Lafferty then asked Shaffer if that was why he backed up quickly and shut off his car when he saw the officer, to which Shaffer responded in the affirmative.
 {¶ 4} Officer Lafferty noted that Shaffer's eyes appeared bloodshot and glassy and an odor of alcohol was emanating from his vehicle. The officer asked Shaffer to get out of the vehicle and to see his driver's license. Shaffer stated that his license was in the hatchback of his vehicle. Officer Lafferty followed Shaffer to the rear of the vehicle to retrieve his license. He noted that Shaffer appeared to have a difficult time getting the key into the lock. After several attempts, Shaffer got the back open and retrieved his briefcase. He could not locate his wallet or license in the briefcase. Officer Lafferty noticed a large bottle of wine and an empty bottle of Crown Royal in the back of the vehicle. Officer Lafferty asked Shaffer if he had any weapons on him as well as questions regarding his identity and taking a sobriety test. Officer Lafferty testified that Shaffer "started to refuse everything" and would not perform any sobriety tests, including a blood alcohol ("BAC") test. The officer then patted him down for weapons and found a large knife in his front pocket. Based on Shaffer's appearance and the odor of alcohol, Officer Lafferty placed Shaffer under arrest for driving while under the influence of alcohol and financial responsibility suspension. He called another unit to pick up Shaffer and take him to the station. Patrolman Rarik transported Shaffer to the station.
 {¶ 5} On December 21, 2001, Shaffer was indicted on one count of driving under the influence of alcohol. Shaffer filed a motion to suppress, contending that Officer Lafferty lacked probable cause to make the stop. A hearing was held on the motion to suppress, and the trial court ultimately overruled the motion. The matter proceeded to a jury trial on May 7, 2002.
 {¶ 6} Shaffer was indicted on a felony DUI count, codified as R.C.4511.99(A)(4)(a), which provides that an offender who has been convicted or pled guilty to three or more DUI violations within six years of the current offense, is guilty of a felony in the fourth degree. Therefore, the state provided evidence and testimony from police officers from both the Streetsboro and Kent Police Departments. They testified that Shaffer had three prior DUI convictions; on September 7, 2000, November 16, 1999, and June 28, 1999. The testimony also revealed that Shaffer refused to take blood alcohol tests in each of the three prior cases.
 {¶ 7} The jury subsequently found Shaffer guilty. The trial court sentenced Shaffer to eleven months imprisonment; a fine of $800, plus court costs; and a three-year suspension of his Ohio driver's license.
 {¶ 8} Shaffer filed this appeal, citing four assignments of error. The first assignment of error is:
 {¶ 9} "The trial court committed prejudicial error by denying defendant's motion to suppress."
 {¶ 10} In his first assignment of error, Shaffer contends that the trial court erred in denying his motion to suppress, as the arrest was not supported by probable cause. Specifically, Shaffer alleges that Officer Lafferty did not observe an accident, erratic driving, or any other traffic offense which would have given him probable cause to affect a stop and make an arrest. Shaffer also asserts that it was only when Officer Lafferty learned of the FRA suspension and previous DUIs, did he focus on Shaffer's intoxication. Shaffer also cites the lack of any field sobriety tests to collaborate Officer Lafferty's observations regarding whether he was intoxicated.
 {¶ 11} It is well established in Ohio that a police officer does not have to witness erratic driving in order to establish probable cause to make a DUI arrest.[1] However, in the instant case, Officer Lafferty witnessed Shaffer backing up at a higher than normal rate of speed. In fact, Officer Lafferty had to back up his police vehicle in order to avoid a collision. This fact, combined with the odor of alcohol, Officer Lafferty's testimony regarding Shaffer's glassy, bloodshot eyes, slurred speech, and difficulty in putting his key in the lock of the car, all are adequate to provide probable cause.
 {¶ 12} The key issue overlooked by both appellant and appellee is that, according to the record, Shaffer, himself, initiated contact. According to Officer Lafferty's testimony at the suppression hearing, which is not contradicted by appellant, Shaffer pulled up alongside the officer, shut off his vehicle, and rolled down his window to engage Officer Lafferty in conversation. It was only after this initial conversation began did Officer Lafferty observe signs of intoxication. This was followed by the dispatch information regarding Shaffer's FRA suspension and previous DUI convictions. Thus, although Officer Lafferty did observe erratic driving which would have provided probable cause to ultimately make an arrest, Shaffer, himself, initiated contact, from which Officer Lafferty gleaned further evidence in support of intoxication. Therefore, the trial court did not err when it denied Shaffer's motion to suppress. The first assignment of error is without merit.
 {¶ 13} The second assignment of error is:
 {¶ 14} "Defendant's conviction in this case is not based on sufficient evidence, and should therefore be reversed."
 {¶ 15} In his second assignment of error, Shaffer challenges the sufficiency of the evidence presented at trial. Defense counsel failed to file a timely Crim.R. 29 motion for acquittal and, as such, this court is limited to a plain error analysis.[2]
 {¶ 16} The plain error standard contains three concepts. First, there must be an error, or deviation from a legal rule.[3] Secondly, that error must be plain, defined as "an obvious defect in the trial proceedings."[4] Lastly, the error must have affected a "substantial right," meaning the error must have affected the ultimate outcome of the trial.[5] An error satisfying these three prongs may be corrected if the appellate court finds that a correction is needed to "prevent a manifest miscarriage of justice."[6]
 {¶ 17} When determining sufficiency of the evidence, we must consider whether after viewing the probative evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt.[7] This court will not reverse a verdict if sufficient evidence exists by which a jury could reasonably find that all elements of the offense were proven beyond a reasonable doubt.[8]
 {¶ 18} R.C. 4511.19(A)(1) reads:
 {¶ 19} "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if * * * [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"
 {¶ 20} This offense becomes a felony in the fourth degree if the offender has been convicted of or pled guilty to three or more violations of R.C. 4511.19(A) or (B) within six years of the current offense.[9]
 {¶ 21} To obtain a DUI conviction, the state does not need to prove actual impaired driving but, rather, must only show impaired driving ability.[10] Impaired driving ability can be proven through physiological factors such as slurred speech or bloodshot eyes and, also, through coordination tests such as the standard field sobriety tests.[11]
An offender's refusal to submit to field sobriety tests can be considered as evidence that the person has been driving under the influence.[12]
 {¶ 22} A review of the record clearly indicates that there was sufficient evidence to support the DUI conviction. Officer Lafferty testified that he could detect the odor of alcohol emanating from Shaffer's vehicle. He also noted Shaffer's glassy, bloodshot eyes, his slurred speech, and unsteady gait. These observations, coupled with Shaffer's refusal to submit to field sobriety and breathalyzer tests and the erratic driving, are sufficient evidence by which a jury could find that all of the elements of the instant offense were proven beyond a reasonable doubt. Finally, the state presented evidence regarding Shaffer's prior DUI convictions. Therefore, Shaffer has failed to demonstrate the existence of plain error relating to sufficiency of the evidence at his trial.
 {¶ 23} Shaffer's second assignment of error is without merit.
 {¶ 24} The third assignment of error is:
 {¶ 25} "The guilty verdict in the instant case is against the manifest weight of the evidence and must be reversed."
 {¶ 26} When determining whether a conviction is against the manifest weight of the evidence, an appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines, whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[13]
 {¶ 27} Appellant testified that he only appeared to be disoriented because he was lost, having just moved to the area. He claimed his eyes were bloodshot because he worked a sixteen-hour work day. He also explained that he only signed the form refusing to take the BAC test because he needed to use the restroom and he wanted to finish with the officer quickly. However, we are not persuaded by appellant's argument. As noted above, Officer Lafferty observed Shaffer's erratic driving as well as noting that Shaffer's physical appearance was consistent with intoxication. He detected glassy, bloodshot eyes, an unsteady gait, and slurred speech. The record also indicates that Shaffer testified at trial that he had consumed three drinks of whiskey on the rocks before driving his brother home from a restaurant, which was prior to his encounter with Officer Lafferty. Shaffer's brother corroborated Shaffer's testimony.
 {¶ 28} Thus after reviewing the testimony and evidence presented at trial, we conclude that Shaffer's DUI conviction was not against the manifest weight of the evidence. The third assignment of error is without merit.
 {¶ 29} The fourth assignment of error is:
 {¶ 30} "Defendant's trial counsel's failure to move for acquittal at the close of the state's evidence and at the close of all of the evidence, thereby waiving or potentially waiving defendant's appellate right to challenge the sufficiency of the evidence, coupled with presenting defense testimony which is patently damaging to defendant, constitutes ineffective assistance of counsel and warrants reversal of defendant's conviction."
 {¶ 31} It is presumed that a properly licensed attorney in the state of Ohio has rendered effective assistance to a criminal defendant.[14] In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth inStrickland v. Washington.[15] First, pursuant to Strickland, the defendant must show that counsel's performance was deficient, in that the representation fell below the objective standard of reasonableness.[16]
Second, the defendant must show that counsel's deficient performance prejudiced the defendant, meaning that, but for counsel's errors, the outcome of the proceeding would have been different.[17] This court has adopted the Strickland standard for ineffective assistance of counsel.[18]
 {¶ 32} Shaffer's assertion that he received ineffective assistance of trial counsel is two-fold. We shall address each one in turn. First, Shaffer contends that he was denied effective assistance of counsel when defense counsel failed to make a Crim.R. 29 motion for acquittal at the close of the state's case and to renew that motion at the close of all evidence.
 {¶ 33} The failure to assert a Crim.R. 29 motion is not, per se, ineffective assistance of counsel.[19] A Crim.R. 29 motion is asserted to test the sufficiency of the evidence. As we have determined in our analysis in the second assignment of error, there was sufficient evidence to sustain the conviction. Thus, where there does not appear to be adequate grounds to challenge the sufficiency of the evidence, counsel is not obligated to put forth futile motions. Shaffer was not prejudiced, and a Crim.R. 29 motion would not have affected the ultimate outcome of the trial.
 {¶ 34} Shaffer also contends that he was denied effective assistance of counsel when trial counsel presented "patently damaging" defense testimony. Specifically, Shaffer contends that testimony from both himself and his brother regarding the amount of alcohol Shaffer consumed and the timing of his whereabouts, hindered his ability to present an adequate defense.
 {¶ 35} Shaffer's brother, Curt, testified that earlier on the evening in question, he and Shaffer went to a restaurant. Curt testified that Shaffer consumed three whiskeys on the rocks while there but that he was sober when he left the restaurant. Curt also testified that Shaffer took him home anywhere between 11:30 p.m. and 12:30 a.m. Shaffer himself testified that he had consumed the three alcoholic drinks that evening.
 {¶ 36} Shaffer now argues that the testimony of himself and his brother was the only evidence in the record that he had consumed any alcohol that evening. Moreover, Shaffer asserts that Curt's testimony regarding what time the two left the restaurant left a one-and-a-half hour time span which was not accounted for, allowing the prosecution to infer that Shaffer may have consumed more alcohol during that time.
 {¶ 37} It is well settled that trial counsel's decision regarding which witnesses to present at trial falls within the purview of trial strategy.[20] Tactical decisions in furtherance of an adequate theory of defense generally will not be deemed ineffective assistance of counsel.[21] In the instant case, the theory promulgated by the defense was that Shaffer did consume alcohol on the evening in question, but not enough alcohol to impair his ability to drive. The defense also asserted an affirmative defense of occupational driving privileges in response to the contention that Shaffer was driving with a suspended license. The defense asserted that Shaffer was at a late business meeting with his brother that evening.
 {¶ 38} We conclude that the testimony provided by Shaffer and his brother was in furtherance of an adequate, yet ultimately unsuccessful, defense theory. Thus, trial counsel was not deficient in presenting such testimony.
 {¶ 39} In his reply brief to this court, Shaffer raises the issue, under the fourth assignment of error that trial counsel was ineffective in failing to object to the testimony by police officers relating to prior DUI arrests. However, this issue was not raised within Shaffer's original brief and, thus, could not be addressed by appellee in their brief. App.R. 16(C) provides that a reply brief may be filed merely as an opportunity to reply to the brief of the appellee, not to raise any new issues.[22] Therefore, that new issue was improperly raised in the reply brief, is not appropriately before this court, and will not be considered.
 {¶ 40} Therefore, Shaffer's assertion of ineffective assistance of counsel based on the failure to assert the Crim.R. 29 motion and trial testimony are not well taken. The fourth assignment of error is without merit.
 {¶ 41} The judgment of the trial court is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Cynthia Westcott Rice, J., Concur.
[1] State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528, 1997 Ohio App. LEXIS 4846, at *6-7.
[2] State v. Roe (1989), 41 Ohio St.3d 18, 25.
[3] State v. Barnes (2002), 94 Ohio St.3d 21, 27.
[4] Id.
[5] Id.
[6] State v. Long (1978), 53 Ohio St.2d 91, 97.
[7] (Citations omitted.) State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13-14.
[8] Id.
[9] R.C. 4511.99(A)(4)(a).
[10] Wargo, at *7.
[11] Id.
[12] State v. Flynt, 11th Dist. No. 2001-P-0116, 2003-Ohio-1391, at ¶ 16.
[13] (Citations omitted.) State v. Yates (Sept. 20, 1991), 11th Dist. No. 90-P-2259, 1991 Ohio App. LEXIS 4420, at *2-3.
[14] State v. Hurd, 11th Dist. No. 2001-T-0086, 2002-Ohio-7163, at ¶ 32.
[15] Strickland v. Washington (1984), 466 U.S. 668, at paragraph two of the syllabus.
[16] Id.
[17] Id.
[18] State v. Beesler, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, at ¶ 9.
[19] Id. at ¶ 17.
[20] (Citations omitted.) State v. Babbitt (Sept. 30, 1999), 11th Dist. No. 98-A-0109, 1999 Ohio App. LEXIS 4638, at *13.
[21] Id. at *11-12.
[22] App.R. 16(C); See, also Sheppard v. Mack (1980), 68 Ohio App.2d 95,97, at fn.1.