OPINION
{¶ 1} Appellant, Joyce E. Wutchiett ("Wutchiett"), appeals her conviction for driving under the influence of alcohol in violation of Willoughby Codified Ordinances 434.01(a)(1) and no lighted lights in violation of Willoughby Codified Ordinances 438.02 following a bench trial in Willoughby Municipal Court.[1] Wutchiett represented herself pro se during the trial. Wutchiett was sentenced to 180 days in jail, one year of probation, a $350 fine, and a three year license suspension.[2] We affirm the decision of the Willoughby Municipal Court.
 {¶ 2} In the early morning hours of August 24, 2002, Officer Peter J. Huth ("Huth") of the Willoughby Police Department was assisting other officers on a traffic stop on State Route 91 just north of Euclid Avenue in the city of Willoughby. Officer Huth noticed a vehicle traveling northbound on State Route 91 without illuminated headlights. Officer Huth stopped the vehicle, operated by Wutchiett, to notify her to turn on the headlights. Wutchiett responded several times that she was not a witness to an accident and that she was ready to leave the scene. Officer Huth noticed a strong odor of alcohol about Wutchiett and that her eyes were bloodshot and glassy. Officer Huth asked Wutchiett to exit and walk to the rear of her vehicle so that he could perform the horizontal gaze nystagmus field sobriety test ("HGN"). As Wutchiett did so, Officer Huth observed that she staggered and swayed. Wutchiett failed the HGN test, exhibiting six "clues" which indicates that a person is probably over the legal limit of blood alcohol content.[3] Officer Huth asked Wutchiett to perform some additional field sobriety tests, but she refused. Thereafter, Officer Huth placed Wutchiett under arrest.
 {¶ 3} Wutchiett assigns the following assignments of error.
 {¶ 4} "[1.] The trial court erred to the prejudice of the defendant-appellant when it convicted her of operating a vehicle under the influence of drugs and/or alcohol.
 {¶ 5} "[2.] The trial court erred to the prejudice of the defendant-appellant when it convicted her of operating a vehicle under the influence of alcohol and/or drugs and the conviction is against the manifest weight of the evidence.
 {¶ 6} "[3.] The trial court erred to the prejudice of the defendant-appellant when it failed to grant her a continuance to secure the testimony of the witnesses to the incident."
 {¶ 7} Pursuant to Crim.R. 29, a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A). In the present case, Hutchiett never moved the court for acquittal and, thereby, failed to preserve her right to challenge the sufficiency of the evidence on appeal. State v. Beesler, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, at ¶ 21 ("We have consistently held that an appellant must move for Crim.R. 29 motion for acquittal at trial in order to preserve the right to appeal on the basis of the sufficiency of the evidence.") (citations omitted).
 {¶ 8} Wutchiett also argues that her conviction is against the manifest weight of the evidence. We note that "sufficiency" is "a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e. "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990), 1433. Weight of the evidence, by contrast, involves "the inclination of the greater amount of credible evidence." Id. at 387 (emphasis sic) (citation omitted). An appellate court considering whether a verdict is against the manifest weight of the evidence must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Since there must be sufficient evidence to take a case to the jury, it follows that "a finding that a conviction is supported by theweight of the evidence necessarily must include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, 1997 Ohio App. LEXIS 4255, at *5; cf. Thompkins,78 Ohio St.3d at 388, quoting Tibbs v. Florida (1982),457 U.S. 31, 41 ("A reversal based on the weight of the evidence * * * can occur only after the State both has presented sufficientevidence to support conviction and has persuaded the jury to convict.") (emphasis sic).
 {¶ 9} In order to convict Wutchiett under Willoughby Municipal Ordinance 434.01(a)(1), it was necessary to show that Wutchiett was operating a vehicle under the influence of alcohol. At trial, the state presented the following evidence essentially uncontested: Wutchiett was driving with unlit headlights; she smelled of alcohol; her eyes were glassy and bloodshot; her speech was slurred; she admitted to having had a couple of drinks; she staggered and swayed as she walked; she failed the HGN test; and she refused to take any further field sobriety tests or a breath-alcohol test. We find this evidence to be legally sufficient and of substantial weight so that the trier of fact could reasonably have concluded that all of the elements of driving under the influence have been demonstrated beyond a reasonable doubt. Wutchiett's first two assignments of error are without merit.
 {¶ 10} In her third assignment of error, Wutchiett claims that the trial court erred by denying her motion for a continuance to subpoena witnesses. At trial, Wutchiett informed the court that she would "like to subpoena the passengers who were inside the vehicle" and sought a continuance to do so. Who these passengers were and what vehicle Wutchiett is referring to is unclear from the record. Wutchiett claimed that she had orally requested the necessary forms for subpoenaing witnesses at a pretrial. The court had no record of such a request. The prosecutor stated that he had given Wutchiett a copy of the police report at the last pretrial, but that there were no other individuals listed in the police report and that Wutchiett made no request for further information at that time.
 {¶ 11} The decision to grant or deny a continuance is within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, at syllabus. An appellate court will not reverse a trial court's denial of a continuance absent a finding that the trial court abused its discretion. Id. at 67. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Id., quoting Ungar v. Sarafite (1964),376 U.S. 575, 589.
 {¶ 12} We hold the denial of Wutchiett's oral motion for a continuance to subpoena witnesses during the course of her trial is not an abuse of discretion. It is well-established that "[a]pro se defendant will be expected to abide by the rule of evidence and procedure, regardless of his familiarity with them."State v. Kirin, 11th Dist. No. 2001-T-0053, 2002-Ohio-3150, at ¶ 12 (citations omitted). Here, Wutchiett's request to subpoena witnesses after the start of the trial is clearly out of order. Nor are the interests of justice compromised by the denial of Wutchiett's motion for a continuance. Wutchiett demonstrated no clear idea of who she intended to subpoena or why she intended to subpoena them. Wutchiett's third assignment of error is without merit.
 {¶ 13} For the foregoing reasons, the judgment of the Willoughby Municipal Court is affirmed.
Judgment affirmed.
O'Neill and Rice, JJ., concur.
[1] Willoughby Codified Ordinance 434.01(a)(1) corresponds to R.C. 4511.19(A)(1).
[2] Of the 180 days, the trial court suspended 67 days and credited 23 days for time served. The remainder of Wutchiett's sentence has been stayed pending appeal.
[3] The Ohio Supreme Court has noted that the HGN test is considered "the single most accurate field test to use in determining whether a person is alcohol impaired." State v.Bresson (1990), 51 Ohio St.3d 123, 125, citing U.S. Department of Transportation, National Highway Safety Administration, Improved Sobriety Testing (1984) 4. The Supreme Court has described the test itself thus: "`Nystagmus has been defined as a `rhythmic to-and-fro oscillation of the eyes[,]' or as an involuntary jerking of the eyeball. * * * The driver taking the HGN test is usually asked to focus on a `stimulus' (such as a pen) held in an officer's hand at the driver's eye level approximately six to eight inches away. The officer will then move the stimulus gradually out of the driver's field of vision toward the driver's ear. Because it has been shown that the onset of the angle of nystagmus at less than forty-five degrees indicates the presence of alcohol, the officer watches each eye to determine whether nystagmus occurs at an angle less than forty-five degrees. * * * A person may receive up to six points on the HGN test. * * * A score of four or more points indicates a BAC level above .10 percent." Id. at 125-126 (internal citations omitted).