OPINION
{¶ 1} Defendant-appellant, Lisa Griffin, appeals a decision of the Butler County Court of Common Pleas convicting her of driving while under the influence of alcohol or drugs ("DUI"). We affirm.
 {¶ 2} On the night of August 20, 2004, Officer Harris of the Seven Mile Police Department initiated a traffic stop after observing expired registration tags on appellant's vehicle. Although he noticed that appellant had bloodshot eyes, Harris did not suspect her of being under the influence of alcohol at this time. After appellant exited her car, Harris detected the odor of an alcoholic beverage on appellant. He also testified that appellant's speech was slightly slurred. Harris initiated field sobriety tests after appellant admitted to consuming four or five beers. Following an unsatisfactory attempt, appellant refused to complete the horizontal gaze nystagmus test. Insisting that she could not perform any of these tests sober, appellant refused to take the walk-and-turn and one-leg stand tests. Harris then placed appellant under arrest. Appellant was transported to the police station, where she refused a blood alcohol test.
 {¶ 3} Subsequent to these events, appellant was charged with driving while under the influence of alcohol or drugs (second offense) in violation of R.C. 4511.19(A)(1), a first degree misdemeanor. See R.C. 4511.19(G)(1)(b). Following an April 2005 bench trial, appellant was found guilty and sentenced accordingly. Appellant timely appealed, raising two assignments of error. Because both assignments ultimately relate to the propriety of appellant's DUI conviction, we will address them together.
 {¶ 4} Assignment of Error #1:
 {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING OFFICER HARRIS TO TESTIFY THAT APPELLANT WAS UNDER THE INFLUENCE."
 {¶ 6} Assignment of Error #2:
 {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THE DEFENDANT/APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE."
 {¶ 8} Appellant questions the sufficiency of the evidence supporting her DUI conviction. She alleges on appeal that the field sobriety test results were inadmissible because the state failed to demonstrate compliance with standardized testing procedures by Officer Harris. Asserting that Harris' opinion that she was under the influence was wrongly based on these inadmissible test results, appellant concludes that there was insufficient evidence to convict her of DUI.
 {¶ 9} The review of a claim that a conviction is not supported by sufficient evidence focuses upon whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. State v. Thompkins (1997),78 Ohio St.3d 380, 386, 1997-Ohio-52. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} Appellant attacks the admissibility of the field sobriety tests for the first time on appeal. Defense counsel neither filed a motion to suppress the results nor objected to Harris' testimony regarding the tests. Although counsel made a Crim.R. 29 motion for acquittal at the close of Officer Harris' examination at trial, the record reveals no argument against the admissibility of Harris' testimony or the test results themselves. Because this evidence was admitted without objection, we need not address whether the tests were administered in compliance with applicable standards.
 {¶ 11} Regardless of a challenge to field sobriety tests, a police officer may testify regarding his observations made during administration of the tests. State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-15, superseded by statute on other grounds as stated in State v. Miracle, Butler App. No. CA2003-11-275, CA2003-11-283, 2004-Ohio-7137, ¶ 18. Officer Harris testified that appellant had bloodshot eyes, slurred speech, and smelled of alcoholic beverages. These characteristics convinced Harris that appellant was under the influence of alcohol.
 {¶ 12} The court did not err in allowing Harris to testify as to his opinion, which was allowable to assist the trier of fact in determining whether appellant was driving while under the influence. See Schmidtt at ¶ 14-15. In addition, appellant's refusal to submit to a blood alcohol test, and her inability to provide an explanation for this refusal, suggests consciousness of guilt and may be taken into consideration by the court. Statev. Snyder (Jan. 9, 1989), Butler App. No. CA88-04-054, at 9, quoting Westerville v. Cunningham (1968), 15 Ohio St.2d 121,122-23. Similarly, appellant's refusal to take field sobriety tests may also be taken into consideration as an indicia of guilt under the circumstances. Cf. State v. Arnold (Sept. 7, 1999), Butler App. No. CA99-02-026, at 4-6. Finally, appellant admitted to Officer Harris that she had been drinking prior to driving.
 {¶ 13} We conclude that the foregoing evidence was legally sufficient to sustain appellant's conviction for DUI. Appellant's first and second assignments of error are overruled.
 {¶ 14} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.