The STATE of Ohio, Appellee,

v.

NORRIS, Appellant.

[Cite as *State v. Norris,* 168 Ohio App.3d 572, 2006-Ohio-4325.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2005–10–442.

Decided Aug. 21, 2006.

Robin N. Piper, Butler County Prosecuting Attorney, and Glen Rossi, Assistant Prosecuting Attorney, for appellee.

Gregory L. Peck, for appellant.

POWELL, Presiding Judge.

{¶ 1} Defendant-appellant, William E. Norris, appeals his conviction in the Butler County Court of Common Pleas for operating a motor vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(a), with a prior OVI specification under R.C. 2941.1413. We affirm the trial court's decision.

{¶ 2} On April 3, 2005, Officer Dan Setterstrom of the Fairfield Police Department conducted a random registration check of the vehicle driven by appellant. During this check, Setterstrom discovered that warrants were outstanding in connection with the plates and that the plates were registered for a different vehicle than the one driven by appellant. Noticing that the warrant information included caution indicators, he called for assistance.

{¶ 3} After completing the registration check, Setterstrom proceeded to conduct a traffic stop. He drove behind appellant's vehicle and activated his overhead lights and siren. Appellant, however, did not pull over. Setterstrom continued to follow appellant for approximately half a mile, and then appellant stopped his car, exited his vehicle, and ran away. Setterstrom ran in pursuit of appellant, continually ordering him to stop.

{¶ 4} Appellant led Setterstrom into a wooded area. At this point in the chase, Setterstrom fired his taser at appellant, but because of appellant's loose clothing, the taser did not make direct contact with appellant's body. Realizing that appellant would not be subdued by the taser, Setterstrom tackled appellant. After wrestling with appellant, Setterstrom applied his taser to appellant's buttocks. Appellant soon thereafter abandoned his struggle and complied with Setterstrom's orders.

{¶ 5} After subduing appellant, Setterstrom noticed that appellant's eyes were bloodshot and that his breath smelled of alcohol. While searching the vehicle, police officers discovered prescription drugs in a plastic bag and an unopened 40-ounce beer. Appellant was then taken to a hospital for evaluation. Appellant was charged with OVI in violation of R.C. 4511.19(A)(1)(a), a fourth-degree felony; driving under suspension in violation of R.C. 4510.11(A), a first-degree misdemeanor; resisting arrest in violation of R.C. 2921.33(A), a second-degree

misdemeanor; and possession of drugs in violation of R.C. 2925.11, a third-degree misdemeanor.

{¶ 6} At trial, Officers Setterstrom, Fleener, and Bailes testified that appellant's behavior, appearance, and breath odor were consistent with that of someone under the influence of alcohol. Setterstrom testified that during questioning, appellant said that he drank some beer that day. The video recording from Setterstrom's car, activated when he turned on his lights, showed appellant driving away at about 25 m.p.h. Fleener testified that when appellant was taken to the hospital for evaluation, he was read a bureau of motor vehicles ("BMV") 2255 form advising him of his rights pursuant to an OVI charge, including his rights relating to a blood-alcohol-content test. According to Fleener, appellant refused to take a test. Conversely, appellant testified that he had his last drink the night before his arrest and said that he was never presented with the BMV 2255 form.

{¶ 7} The jury found appellant guilty as to the OVI charge. With regard to the specification, the jury found appellant guilty of having been convicted of or pleaded guilty to five or more OVI or equivalent offenses within 20 years of April 3, 2005. The trial court fined him $1,000 and sentenced appellant to a 17–month prison term for the OVI conviction and an additional one-year prison term pursuant to the specification. Appellant was also found guilty of driving under suspension, resisting arrest, and possession of drugs. For these offenses, appellant was fined and sentenced to 30 days, 90 days, and 60 days, respectively, all to run concurrently.

{¶ 8} Appellant now appeals his OVI conviction, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} "The trial court erred by denying appellant's Rule 29 motion for acquittal and by entering a verdict for the state which is against the manifest weight of the evidence."

{¶ 11} While appellant raises an issue of manifest weight of the evidence in this assignment of error, the body of his argument relates to sufficiency of the evidence. Sufficiency of the evidence and manifest weight of the evidence are legally distinct issues. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Because appellant has failed to make any substantive argument related to his allegation that his conviction is against the manifest weight of the evidence other than a recitation of the appellate standard of review, we will only address appellant's sufficiency arguments. *State v. Copeland,* Butler App. No. CA2003–12–320, 2005-Ohio-5899, 2005 WL 2937282, ¶ 21, citing App.R. 12(A)(2); App.R. 16(A)(7).

{¶ 12} Sufficiency of the evidence is a standard that is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. *Thompkins,* 78 Ohio St.3d at 386, 678 N.E.2d 541. Essentially, sufficiency is a test of adequacy. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Griffin,* Butler App. No. CA2005–05–118, 2006-Ohio-2399, 2006 WL 1312529, ¶ 9, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 13} Appellant was convicted of OVI in violation of R.C. 4511.19(A)(1)(a), which states, "No person shall operate any vehicle ... within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 14} Appellant argues that there was insufficient evidence to support his OVI conviction. Appellant states that other than refusing to comply with the officer's request that he pull over, he did not drive erratically or speed, indicating that he was not intoxicated when driving. Appellant also argues that in the absence of any test, there was no evidence of his intoxication. Therefore, appellant argues, his conviction was not supported by sufficiency of the evidence. We disagree with this argument.

{¶ 15} All three officers testified that appellant had bloodshot eyes, that his breath smelled of alcohol, and that he behaved as if he was intoxicated. These officers have had ample experience dealing with individuals who are intoxicated. Setterstrom testified that appellant told him he drank earlier that day.

{¶ 16} Although some of the evidence in this case is circumstantial, this evidence, if believed, could lead a reasonable juror to conclude that appellant operated his vehicle while under the influence of alcohol. Circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can be established only by circumstantial evidence. *Jenks,* 61 Ohio St.3d at 272, 574 N.E.2d 492. Even a conviction that is based solely on circumstantial evidence is no less sound than one based on direct evidence. *State v. Begley* (Dec. 21, 1992), Butler App. No. CA92–05–076, 5, 1992 WL 379379.

{¶ 17} Viewing this evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found appellant guilty of OVI beyond a reasonable doubt. We find the evidence sufficient to support appellant's conviction, and consequently, we overrule appellant's first assignment of error.

{¶ 18} Assignment of Error No. 2:

{¶ 19} "The trial court erred by denying appellant's motion to dismiss."

{¶ 20} In this assignment of error, appellant argues that R.C. 2941.1413 is not applicable to his case. R.C. 2941.1413 is entitled "Specification regarding prior felony OVI offenses." According to appellant, under the plain language of R.C. 2941.1413, the statute applies only to prior convictions called specifically "OVI" offenses. Therefore, because appellant's previous convictions were not so named, appellant argues that the specification does not apply to him. We disagree with this argument.

{¶ 21} The foremost consideration in determining the meaning of a statute is legislative intent. *State v. Jackson*, 102 Ohio St.3d 380, 2004-Ohio-3206, 811 N.E.2d 68, ¶ 34. "To determine the legislative intent, we first review the statutory language[,] * * * [according] the words used their usual, normal, or customary meaning." *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 184, 724 N.E.2d 771. When plain and unambiguous statutory language conveys a clear and definite meaning, there is no need for courts to apply rules of statutory interpretation; the court must give effect to the words used. *State ex rel. Jones v. Conrad* (2001), 92 Ohio St.3d 389, 392, 750 N.E.2d 583; *State v. Elam* (1994), 68 Ohio St.3d 585, 587, 629 N.E.2d 442. Courts may not ignore plain and unambiguous statutory language. *Pike–Delta–York Local School Dist. Bd. of Edn. v. Fulton Cty. Budget Comm.* (1975), 41 Ohio St.2d 147, 156, 70 O.O.2d 300, 324 N.E.2d 566.

{¶ 22} R.C. 2941.1413(A) states that imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under R.C. 2929.13(G)(2) is precluded unless the indictment, count in the indictment, or information charging a felony violation of R.C. 4511.19(A)(1) specifies that the offender, within 20 years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses. R.C. 2941.1413(B) defines "equivalent offenses" as having the same meaning as in R.C. 4511.181.

{¶ 23} According to R.C. 4511.181(A), equivalent offense means any of the following:

{¶ 24} "(1) A violation of division (A) or (B) of section 4511.19 of the Revised Code;

{¶ 25} "(2) A violation of a municipal OVI ordinance;

{¶ 26} "* * *

{¶ 27} "(6) A violation of an existing or former municipal ordinance, law of another state, or law of the United States that is substantially equivalent to division (A) or (B) of section 4511.19 of the Revised Code;

{¶ 28} "(7) A violation of a former law of this state that was substantially equivalent to division (A) or (B) of section 4511.19 of the Revised Code."

{¶ 29} Appellant argues that in light of the title of R.C. 2941.1413, the plain language limits the application of this provision to offenses specifically entitled "OVI" offenses. However, the language clearly states that the imposition of a mandatory additional prison term is effective if the offender has been convicted of or pleaded guilty to five or more violations of R.C. 4511.19(A)(1) *or equivalent offenses*. The statute leaves little room for ambiguity when it defines "equivalent offenses" as those listed in R.C. 4511.181, which include not only violations of R.C. 4511.19(A) or (B), but also violations of substantially equivalent laws in this or another state. While appellant's five prior convictions were not all specifically entitled "OVI," the record shows that these offenses are "equivalent offenses" under R.C. 4511.181. Therefore, the trial court correctly applied R.C. 2941.1413 in accordance with its plain language and was authorized to impose the additional mandatory prison term.

{¶ 30} For these reasons, we overrule appellant's second assignment of error.

{¶ 31} The judgment is affirmed.

Judgment affirmed.

WALSH and YOUNG, JJ., concur.