{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Andrea D. Heiney. Appellee, the state of Ohio, has not filed an appellate brief. Heiney appeals the judgment entered by the Ravenna Division of the Portage County Municipal Court. The trial court found Heiney guilty of failure to control and operating a vehicle under the influence of alcohol ("OVI"). *Page 2 
 {¶ 2} In the early morning hours of September 15, 2005, Deputy Michael Wilson of the Portage County Sheriffs Office was dispatched to a single-vehicle accident on Hommon Road in Ravenna Township. Upon arriving at the scene, Deputy Wilson observed a black sport utility vehicle lying upside down in a field. The vehicle had severe damage, including a dented roof and a smashed windshield. Deputy Wilson also noticed a utility pole was severed at the location.
 {¶ 3} There were no occupants in the vehicle. Also, Deputy Wilson did not find any victims nearby. Deputy Wilson ran the license plate of the vehicle through the state computer system and ascertained that the vehicle was registered to Heiney. He went to Heiney's residence to check on her well-being. A woman named Theresa Hicks opened the door and let Deputy Wilson in. Deputy Wilson was led to a bedroom, where he encountered Heiney sitting on the bed.
 {¶ 4} Heiney was bleeding from the side of her body. She informed Deputy Wilson that she was in significant pain. Deputy Wilson called an ambulance to take Heiney to the hospital. While waiting for the ambulance, Heiney told Deputy Wilson that she was driving the black sport utility vehicle when it crashed. She explained that a cat had gotten into the vehicle and distracted her.
 {¶ 5} Deputy Wilson noticed a strong odor of alcohol on Heiney's breath. He asked her if she had been drinking, and Heiney stated that she had consumed three beers. Deputy Wilson observed that Heiney's eyes were red, glassy, and bloodshot. He conducted the Horizontal Gaze Nystagmus ("H.G.N.") field sobriety test on Heiney. Deputy Wilson noticed six clues during the H.G.N. test, indicating Heiney was intoxicated. Ultimately, Heiney was taken to the hospital by the ambulance. *Page 3 
 {¶ 6} As a result of the accident, Heiney was charged with one count of failure to control, in violation of R.C. 4511.202, and one count of OVI, in violation of R.C. 4511.19. Heiney pled not guilty to these charges.
 {¶ 7} The matter proceeded to a bench trial. A combined trial occurred with the instant charges and charges stemming from an unrelated incident. The charges from the other incident included fictitious plates, driving under suspension, and operating an unsafe vehicle. Heiney has also appealed her conviction for driving under suspension, and the opinion in that matter is also released today.[1]
 {¶ 8} The trial court found Heiney guilty of OVI and failure to control. The trial court sentenced Heiney to 180 days in jail and fined her $1000, however, 177 days of the jail time and $750 of the fine were suspended. In addition, Heiney's driver's license was suspended for one year.
 {¶ 9} Heiney's first assignment of error is:
 {¶ 10} "The trial court erred by failing to dismiss on its own motion the charges against Ms. Heiney when the state failed to prove all the essential elements of the charge."
 {¶ 11} Initially, we note that Heiney failed to move for acquittal, pursuant to Crim.R. 29, with regard to the charges at issue in the instant appeal. There is a split of authority from this court as to whether a defendant's failure to object to the sufficiency of the evidence at trial waives that argument on appeal. In State v.Jenkins, this court held that a defendant is required to move the court for acquittal in order to preserve a *Page 4 
sufficiency of the evidence challenge on appeal.[2] However, inState v. Perry, this court noted that the "Ohio Supreme Court has held that a defendant's not guilty plea preserves an argument relating to the sufficiency of the evidence for appeal."[3] Therefore, this court held that a defendant's failure to move for acquittal does not waive a sufficiency of the evidence challenge on appeal.[4] Due to the split of authority on this issue, for the purposes of this appeal, we will proceed as though Heiney has not waived her constitutional right to challenge the sufficiency of the evidence.[5]
 {¶ 12} When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[6]
 {¶ 13} On appeal, Heiney does not challenge her conviction for failure to control. She only challenges her conviction for OVI in violation of R.C. 4511.19, which provides, in part:
 {¶ 14} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 15} "(a) the person is under the influence of alcohol, a drug of abuse, or a combination of them." *Page 5 
 {¶ 16} Thus, the state had to prove that Heiney: (1) was operating a vehicle; (2) in the state of Ohio; and (3) was under the influence of alcohol at that time.[7] Heiney admitted to crashing her vehicle in Portage County. Therefore, the first two elements were satisfied. On appeal, Heiney asserts there was insufficient evidence that she was under the influence of alcohol at the time of the accident.
 {¶ 17} In this matter, there was no direct evidence that Heiney was under the influence of alcohol at the time of the accident. However, there was significant circumstantial evidence that she was under the influence of alcohol at that time. The Supreme Court of Ohio has held that "`circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof.'"[8] The Twelfth Appellate District recently upheld an OVI conviction based on circumstantial evidence.[9]
 {¶ 18} In another OVI case, this court held that "[i]mpaired driving ability can be proven through physiological factors such as slurred speech or bloodshot eyes and, also, through coordination tests such as the standard field sobriety tests."[10]
 {¶ 19} Deputy Wilson detected a strong odor of alcohol on Heiney's breath. This court has held that the odor of an alcoholic beverage on an individual's breath is indicative that the individual is under the influence of alcohol.[11] *Page 6 
 {¶ 20} Deputy Wilson observed that Heiney's eyes were bloodshot and glassy. Red, bloodshot, or glassy eyes is also indicative of the fact that the individual may be under the influence of alcohol.[12]
 {¶ 21} In response to Deputy's Wilson's inquiry regarding whether she had been drinking, Heiney stated she consumed three beers. An admission of drinking alcoholic beverages is also indicative that the individual is under the influence of alcohol.[13]
 {¶ 22} Deputy Wilson conducted the H.G.N. filed sobriety test on Heiney. He detected the maximum six clues during the test, which suggested that Heiney was impaired. The failing results of the H.G.N. test may be used by the state to support an OVI conviction.[14] We note that Heiney does not challenge the admissibility of the H.G.N. test results on the ground that the test was not conducted in substantial compliance with the National Highway Traffic Safety Administration standards.
 {¶ 23} Finally, we note that Heiney was involved in a single-vehicle accident, where the only adverse weather condition was light fog. Erratic driving is indicative of the driver being under the influence of alcohol.[15] Being involved in a single-vehicle accident with no significant outside factors is circumstantial evidence of erratic driving. Further, the fact that the driver leaves the scene of a single-vehicle accident, which occurs in the early morning hours, suggests that the driver may have been impaired at the time of the accident.[16] In State v. Holland, the driver, who ultimately was convicted *Page 7 
of OVI, left the scene of a single-vehicle accident that occurred about 4:00 a.m.[17] In this matter, the fact that Heiney was injured in the accident, yet still failed to report it or seek medical assistance, further supports the conclusion that she was impaired at the time of the accident.
 {¶ 24} Heiney's conviction for OVI is supported by sufficient evidence. The odor of alcohol on her breath, the failed H.G.N. field sobriety test; her admission of drinking beer; her bloodshot and glassy eyes; and the unreported, single-vehicle accident, taken together, constitute sufficient evidence that Heiney was impaired at the time of the accident.
 {¶ 25} Heiney's first assignment of error is without merit.
 {¶ 26} Heiney's second assignment of error is:
 {¶ 27} The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 28} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 29} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of facts] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[18] *Page 8 
 {¶ 30} The weight to be given to the evidence and the credibility of witnesses are primarily matters for the trier of facts to decide.[19]
 {¶ 31} In regard to the odor of alcohol, Heiney argues that this factor is a subjective analysis. However, when questioned about the topic on cross-examination, Deputy Wilson testified that based on his experience as a police officer, he could generally conclude that a person, such as Heiney in this matter, with a strong odor of alcohol had consumed more alcohol than a person with a weaker odor of alcohol.
 {¶ 32} In regard to the H.G.N. test, Heiney argues her performance on the test could be attributed to the effects of the motor vehicle accident. Similarly, she contends that the bloodshot, glassy condition of her eyes could have been caused by the accident. Deputy Wilson testified Heiney told him that she had no head injury or trauma as a result of the accident. Moreover, Heiney presented no evidence that a car accident could produce bloodshot, glassy eyes or result in a failed H.G.N. test.
 {¶ 33} Turning to Heiney's admission that she had consumed three beers, she argues on appeal that she could have consumed these beers following the accident. We note she made the admission in response to a direct question from Deputy Wilson, who was questioning her about a motor vehicle accident. There was no testimony from Heiney or any one else to the effect that she consumed the beers following the accident.
 {¶ 34} Heiney informed Deputy Wilson that the accident was caused by a cat that got into her vehicle. On appeal, she asserts this was a "consistent and reasonable explanation" for the accident. However, after considering all of the evidence, the trial *Page 9 
court, as the trier of fact, did not believe Heiney's account that a cat was the cause of the accident.
 {¶ 35} As noted in our analysis of Heiney's first assignment of error, the state presented several factors to demonstrate Heiney was under the influence of alcohol. Heiney offered alternative explanations for these factors, either through her statements to Deputy Wilson or through inferences revealed during counsel's cross-examination of Deputy Wilson. The trial court, however, apparently gave more credence to the state's case than to the alternative explanations offered by Heiney.
 {¶ 36} The trial court did not lose its way or create a manifest miscarriage of justice when it found Heiney guilty of OVI.
 {¶ 37} Heiney's second assignment of error is without merit.
 {¶ 38} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur.
[1] State v. Heiney, 11th Dist. No. 2006-P-0074.
[2] State v. Jenkins, 11th Dist. No. 2003-L-173, 2005-Ohio-3092, at ¶ 41, citing State v. Beesler, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, at ¶ 21.
[3] State v. Perry, 11th Dist. No. 2004-L-077, 2005-Ohio-6894, at ¶ 31, citing State v. Jones (2001), 91 Ohio St.3d 335, 346 and State v.Carter (1992), 64 Ohio St.3d 218, 223.
[4] Id., citing State v. Shadoan, 4th Dist. No. 03CA764,2004-Ohio-1756, at ¶ 16 and Mayfield Hts. v. Molk, 8th Dist. No. 84703,2005-Ohio-1176.
[5] See State v. Miller, 11th Dist. No. 2004-P-0049, 2005-Ohio-6708, at ¶ 67.
[6] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[7] State v. Almonte, 11th Dist. No. 2005-P-0093, 2006-Ohio-6688, at ¶ 29, citing State v. Scott, 11th Dist. No. 2001-L-086, 2002-Ohio-6692, at ¶ 31.
[8] State v. Biros (1997), 78 Ohio St.3d 426, 447, quoting State v.Jenks, 61 Ohio St.3d 259, paragraph one of the syllabus.
[9] State v. Norris, 168 Ohio App.3d 572, 2006-Ohio-4325, at ¶16-17.
[10] State v. Shaffer, 11th Dist. No. 2002-P-0133, 2004-Ohio-336, at ¶ 21, citing State v. Wargo (Oct. 31, 1997), 11th Dist. No. 96-T-5528, 1997 Ohio App. LEXIS 4846, at *7.
[11] See State v. Almonte, 2006-Ohio-6688, at ¶ 31; State v.Shaffer, 2004-Ohio-336, at ¶ 22; State v. Scott, 2002-Ohio-6692, at ¶ 33; and Willoughby v. Wutchiett, 11th Dist. No. 2002-L-165,2004-Ohio-1177, at ¶ 9.
[12] See State v. Almonte, 2006-Ohio-6688, at ¶ 31; State v.Shaffer, 2004-Ohio-336, at ¶ 22; State v. Scott, 2002-Ohio-6692, at ¶ 33; and Willoughby v. Wutchiett, 2004-Ohio-1177, at ¶ 9.
[13] See State v. Almonte, 2006-Ohio-6688, at ¶ 31; State v.Scott, 2002-Ohio-6692, at ¶ 35; and Willoughby v. Wutchiett,2004-Ohio-1177, at ¶ 9.
[14] See State v. Almonte, 2006-Ohio-6688, at ¶ 27, 31; State v.Scott, 2002-Ohio-6692, at ¶ 34; and Willoughby v. Wutchiett,2004-Ohio-1177, at ¶ 9.
[15] See State v. Almonte, 2006-Ohio-6688, at ¶ 31; State v.Shaffer, 2004-Ohio-336, at ¶ 22.
[16] See, e.g., State v. Holland (Dec. 17. 1999), 11th Dist. No. 98-P-0066, 1999 Ohio App. LEXIS 6143.
[17] Id. at *1-7.
[18] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[19] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 1