JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Resia Davis, appeals the October 24, 2006 judgment of the Bedford Municipal Court finding her guilty of wrongful entrustment of a motor vehicle. After reviewing the facts and the pertinent law, we vacate the conviction.
 {¶ 2} On March 30, 2006, Paul Callahan ("Officer Callahan") of the Bedford police department, issued a citation to Davis for wrongful entrustment of a motor vehicle, in violation of Bedford Municipal Ordinance ("BMO") 335.05(A)(2).[1] Davis *Page 3 
entered a plea of not guilty to the charge. On August 14, 2006, a bench trial commenced and the city called one witness.
 {¶ 3} Officer Callahan testified that on March 30, 2006, at 8:03 a.m., he saw Eric Washington driving a 1988 Ford Mustang in Bedford. Officer Callahan stated that "[t]he detective bureau * * * advised me that [Washington] was under suspension and also wanted by Cleveland Heights. * * * [T]hey told me to stop him. So I initiated the traffic stop there and he was arrested."[2]
 {¶ 4} Officer Callahan determined that Davis owned the Mustang. Davis is Washington's mother-in-law. He saw Davis at the police station and he asked her if she knew that Washington had driven her vehicle, and she replied "yes." He testified that in 2000, Washington was charged with driving with a suspended license when he drove a leased car, which Davis co-signed for her daughter. In 2001, Washington was charged again with driving with a suspended license when he drove another car owned by Davis. Officer Callahan further stated "in one of those cases-I don't recall which one it was but [Davis] bonded him out."[3]
 {¶ 5} On cross-examination, the following testimony was elicited: *Page 4 
 {¶ 6} "Q. And the only thing you asked [Davis] if she at that point — when you came in contact with her you asked her if she knew he had been driving her car and she said yes?
 {¶ 7} "A. Yes
 {¶ 8} "Q. Okay. By that time he had been arrested in her car right?
 {¶ 9} "A. Yes.
 {¶ 10} "Q. And her car had been impounded?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. Okay. And he was in jail?
 {¶ 13} "A. Yes.
 {¶ 14} "Q. And somehow she learned he was there because that's the only way she would know to come down, right?
 {¶ 15} "A. Yes
 {¶ 16} "Q. So it would make sense that by that time she knew he had been driving her car?
 {¶ 17} "A. Yes."
 {¶ 18} The city rested its case. Davis moved for acquittal pursuant to Crim.R. 29. The trial court stated, "she knew he was driving but she didn't say he was stealing the car. She knew he was driving." The court then overruled her motion for acquittal. *Page 5 
 {¶ 19} Davis testified on her own behalf.[4] Davis renewed her motion for acquittal and the court took it under advisement.
 {¶ 20} On October 16, 2006, the court announced its verdict and found Davis guilty of wrongful entrustment of a motor vehicle in violation of BMO 335.05(A)(2).
 {¶ 21} It is from this judgment which Davis appeals, raising the following assignments of error:
 {¶ 22} "[1.] The trial court erred when it denied defendant's Rule 29 motion for acquittal."
 {¶ 23} "[2.] The court's verdict was not supported by sufficient evidence, and was against the manifest weight of the evidence."
 {¶ 24} In her first assignment of error, Davis argues that the trial court erred in denying her Crim.R. 29 motion for acquittal at the close of the city's case, because her conviction was not supported by sufficient evidence.
 {¶ 25} Under Crim.R. 29(A), a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, at syllabus. A motion for judgment of acquittal under Crim.R. 29 should only be granted where reasonable minds could not fail to find reasonable doubt. Id. at 263. *Page 6 
 {¶ 26} The test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on sufficiency of the evidence to support a conviction. SeeState v. Bell (May 26, 1994), 8th Dist. No. 65356, 1994 Ohio App. LEXIS 2291. In State v. Thompkins (1997), 78 Ohio St.3d 380, 386, the Supreme Court of Ohio explained that sufficiency of the evidence and weight of the evidence are not synonymous legal concepts. They are "both quantitatively and qualitatively different." Id.
 {¶ 27} The court further explained:
 {¶ 28} "[w]ith respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed.1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v.Robinson (1955), 162 Ohio St. 486 * * *. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.Tibbs v. Florida (1982), 457 U.S. 31, 45 * * *, citingJackson v. Virginia (1979), 443 U.S. 307 * * *." (Parallel citations omitted.) Id. at 386-387.
 {¶ 29} When determining sufficiency of the evidence, we must consider whether, after viewing the probative evidence in a light most favorable to the *Page 7 
prosecution, any rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. State v.Shaffer, 11th Dist. No. 2002-P-0133, 2004-Ohio-336, at ¶ 17. Further, we note that the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997),79 Ohio St.3d 421, 430.
 {¶ 30} In order to determine if the city presented sufficient evidence to convict Davis of wrongful entrustment of a motor vehicle beyond a reasonable doubt, we must look at BMO 335.05(A)(2). It provides:
 {¶ 31} "[n]o person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if * * * [t]he offender knows or has reasonable cause to believe that the other person's driver's * * * license or permit * * * have been suspended or canceled under R.C. Chapter 4510, or any other provision of the Ohio Revised Code or this Traffic Code."
 {¶ 32} The term "permit" is defined as, "1. To consent to formally * * * 2. To give opportunity for * * * 3. To allow or admit of * * *." Black's Law Dictionary (8 Ed. Rev. 2004) 1176.
 {¶ 33} To prove a violation of BMO 335.05(A)(2), which is the counterpart of R.C. 4507.33, the city must prove that a person who owns or controls a motor vehicle permitted another to drive that vehicle, with knowledge or reasonable cause to know that the other's license was suspended. State v. Gover, *Page 8 127 Ohio Misc.2d 82, 2004-Ohio-1343, at _6. "Clearly, the only two elements to be proven by the prosecution are 1) the driver had authorization from the vehicle owner to drive the vehicle, and 2) the owner was not reasonably ignorant of the possibility that the driver was unlicensed to drive." State v.Hickey (Sept. 21, 1994), 3rd Dist. No. 14-94-1, 1994 Ohio App. LEXIS 4376, at 4.
 {¶ 34} The city is not required to prove that the driver of the vehicle did not have a legal ability to drive. Gover, at _7. Rather, the city's burden is to prove, beyond a reasonable doubt, that the defendant either knew or had reasonable cause to know that the driver to whom the car was entrusted had no legal right to drive it. Id. Thus, the culpable mental state required to be convicted of wrongful entrustment of a motor vehicle is knowingly or recklessly. Id. R.C. 2901.22(B) explains that a person acts knowingly when he is aware that his conduct will probably cause a certain result. R.C. 2901.22(C) also describes that a person acts recklessly when he perversely disregards a known risk that such circumstances are known to exist.
 {¶ 35} A review of the record indicates that the trial court erred when it denied Davis's request for acquittal pursuant to Crim.R. 29, because the city failed to present any evidence that Davis permitted Washington to drive her car and that she knew or had reasonable cause to know that Washington's license was suspended. The city contends that Washington had authorization from Davis to drive her car because Officer Callahan asked Davis at the police station if she knew that Washington had driven her vehicle, and she replied "yes." However, on cross-examination, *Page 9 
Officer Callahan admitted that it would have been reasonable for Davis to know that Washington drove her car by the time she arrived at the police station because Washington was arrested in her car and it was impounded. Just because Davis knew at the police station that Washington had driven her car does not prove that she permitted him to drive it.
 {¶ 36} The city also presented evidence of Washington's prior convictions in 2000 and 2001 for driving with a suspended license and that Davis posted bond in the first case. However, we cannot conclude that his two convictions, approximately five and six years prior to this incident, constitutes evidence proving that Davis knew or had reasonable cause to know that Washington had a suspended license on March 30, 2006.
 {¶ 37} Therefore, we determine that the evidence in this case is insufficient to convict Davis of wrongful entrustment of a motor vehicle. Thus, the trial court erred when it did not grant Davis's Crim.R. 29 motion for acquittal.
 {¶ 38} As such, Davis's first assignment of error is well taken.
 {¶ 39} Davis's second assignment of error has been rendered moot by our disposition of the first assignment of error.
 {¶ 40} Accordingly, the judgment of the Bedford Municipal Court is reversed and remanded and we order Davis's conviction vacated.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been vacated, any bail pending appeal is released.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR.
[1] The city's brief states that the officer's name is Paul Kellerman, which may be an error in the trial transcript since the city's brief notes that the names of the trial judge and prosecutor are wrong.
[2] Defense counsel stipulated that Washington was driving with a suspended license.
[3] Washington was actually charged in 1999 and 2000, but he was convicted in 2000 and 2001. Davis posted his bond for the 2000 conviction.
[4] Davis's testimony has not been included in this opinion as it is not pertinent in our review of her first assignment of error, which we find dispositive. *Page 1