OPINION
{¶ 1} Defendant-appellant, David N. Patterson, appeals the judgment of the Chardon Municipal Court, finding him guilty of Disorderly Conduct, a minor misdemeanor, in violation of R.C. 2917.11(A)(1). We reverse the decision of the lower court and enter judgment in favor of appellant.
 {¶ 2} The charges against Patterson arose from an incident which occurred at Cooke's Sunoco gas station located at 400 Water Street in Chardon, Geauga County, Ohio. The following facts are undisputed. At approximately 8:15 a.m., on March 17, *Page 2 
2006, Patterson arrived at Cooke's to purchase gasoline. Upon his arrival, Patterson signaled for the pumps to be turned on, and began filling his car with gasoline. Rollin Cooke, the proprietor of the station, was working at the time. Cooke, who testified that he had heard rumors about Patterson having an affair with Cooke's wife, came out of the building to confront Patterson about the alleged affair.
 {¶ 3} Sam Ritondaro was inside the station while the confrontation occurred, and testified that he witnessed the events through the front picture window of the station, and that his view was unobstructed. Although he did not hear anything that was said between the two men, Ritondaro testified that the men appeared to be having a heated argument, and that Cooke stood within "six to eight" inches from Patterson. Ritondaro testified that he witnessed Patterson shove Cooke in the chest and walk away. Although Patterson claims that Cooke was poking him in the chest as they argued, Ritondaro testified that he did not witness Cooke poking Patterson.
 {¶ 4} Cooke testified that after he was shoved by Patterson, he went around to the driver's side of Patterson's vehicle and removed the keys. Cooke then began walking toward the station, with Patterson following him. Both men then called the police from their cellular phones.
 {¶ 5} Patterson was cited for Disorderly Conduct, and subsequently pled not guilty to the charge. The matter proceeded to trial before the magistrate on May 17, 2006.
 {¶ 6} On May 30, 2006, the magistrate issued her decision, finding Patterson guilty. Patterson timely filed objections to the Magistrate's Decision. On August 4, 2006, the court overruled Patterson's objections and found him guilty. The court *Page 3 
imposed no fine, but ordered that Patterson pay the costs of the action by September 1, 2006. Upon Patterson's motion, the court stayed the execution of its judgment pending this appeal.
 {¶ 7} Patterson timely appealed his conviction, assigning the following as error:
 {¶ 8} "[1.] The trial court erred to the prejudice of the appellant by affirming the magistrate's errors in findings of fact and conclusions of law in finding that appellant was guilty of Disorderly Conduct beyond a reasonable doubt as such was not supported by the sufficiency of the evidence.
 {¶ 9} "[2.] The trial court erred to the prejudice of the appellant by affirming the magistrate's errors in findings of fact and conclusions of law in finding that appellant was guilty of disorderly conduct beyond a reasonable doubt as appellant's conviction was against the manifest weight of the evidence."
 {¶ 10} In his first assisgnment of error, Patterson argues that his conviction was based upon insufficient evidence. We agree.
 {¶ 11} "[Sufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt." State v.Barno, 11th Dist. No. 2000-P-0100, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16, citing State v. Jones, 91 Ohio St.3d 335, 345,2001-Ohio-57.
 {¶ 12} Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry. *Page 4 State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). A reviewing court will not reverse a judgment as being against the manifest weight of the evidence "where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt." Id. citing State v. Eley (1978),56 Ohio St.2d 169, at the syllabus. Thus, an appellate court will examine the evidence and determine whether that evidence, "ifbelieved, would convince the average mind of a defendant's guilt beyond a reasonable doubt." State v. Norwood, 11th Dist. No. 2005-L-047,2006-Ohio-3415, at ¶ 15, citing State v. Jenks (1991),61 Ohio St.3d 259, 273 (emphasis added).
 {¶ 13} Under the Ohio Rules of Criminal Procedure, a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A).
 {¶ 14} In the case sub judice, Patterson raised his Crim.R. 29 motion at the end of the state's case, but failed to renew the motion at the close of his defense. However, since Patterson also argued that his conviction was against the manifest weight of the evidence, we may consider whether his conviction was based upon sufficient evidence. SeeWilloughby v. Wutchett, 11th Dist. No. 2002-L-165, 2004-Ohio-1177, at ¶¶ 7-9; State v. McCrory, 11th Dist. No. 2006-P-0017, 2006-Ohio-6348, at ¶ 40 (a determination of whether a conviction is or is not supported by the manifest weight of the evidence "necessarily rests on the existence of sufficient evidence") (citations omitted).
 {¶ 15} R.C. 2917.11(A)(1), the Disorderly Conduct statute, provides as follows: *Page 5 
 {¶ 16} "No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior."
 {¶ 17} In the instant matter, there is no evidence that Patterson either fought with or threatened harm to Cooke. Thus, there are two issues for this court to determine: First, we must consider whether the state produced evidence that Patterson engaged in "violent or turbulent behavior" within the purview of R.C. 2917.11(A)(1). Next, we must consider whether the state offered evidence that Patterson's actions caused Cooke "inconvenience, annoyance or alarm." We answer both of these questions in the negative and, therefore, reverse the lower court's judgment.
 {¶ 18} When asked what happened after Patterson arrived at the station, Cooke responded:
 {¶ 19} "A: I went out to confront [Patterson] about [the alleged affair].
 {¶ 20} "Q: Okay. And what did you say?
 {¶ 21} "A: I said, `Is it true?' First, I asked, `What are you doing in here?' He says, `I'm in here getting gas.' I says — I said, * * * `I heard you were sleeping with my wife and showing pictures around town of her.'
 {¶ 22} "And then he * * * pushed me aside and that's when I decided to call police."
 {¶ 23} Cooke later testified as follows:
 {¶ 24} "Q: How did he push you?
 {¶ 25} "A: Pushed me in the chest.
 {¶ 26} "Q: With two hands extended? *Page 6 
 {¶ 27} "A: Correct.
 {¶ 28} "Q: What did you do in relation to the push?
 {¶ 29} "A: Went around his car and yanked the keys out and called the police."
 {¶ 30} "* * *
 {¶ 31} "Q: So the only touching that took place was him pushing you in the chest?
 {¶ 32} "A: That's correct.
 {¶ 33} "Q: And did you fall backwards?
 {¶ 34} "A: Went backward a little bit.
 {¶ 35} "Q: You didn't fall though?
 {¶ 36} "A: No.
 {¶ 37} Sam Ritondaro, who was inside the station and witnessed the incident, testified that prior to the push, Cooke was standing within six to eight inches of Patterson, and after the push, Patterson immediately walked away from Cooke.
 {¶ 38} We conclude, as a matter of law, that this evidence is insufficient to establish that Patterson engaged in "violent or turbulent" behavior, as prohibited by R.C. 2917.11(A)(1).
 {¶ 39} Moreover, the state failed to adduce any evidence that Patterson's actions caused Cooke "inconvenience, annoyance or alarm." R.C. 2917.11(A)(1).
 {¶ 40} With regard to the elements of inconvenience, annoyance, or alarm, it has been stated:
 {¶ 41} "Annoyance and alarm are each mental states and, therefore, are not part of the concept of physical harm * * *." State v. Neal (Sept. 1, 1998), 10th Dist. *Page 7 
No. 97APA12-1676, 1998 Ohio App. LEXIS 4149, at *19. Although inconvenience may also have "physical elements," it may also "be purely mental in its scope." Id.
 {¶ 42} In the instant matter, the prosecution failed to elicit any testimony from Cooke that Patterson's push caused him "inconvenience, annoyance or alarm," over and above that which he may have already been experiencing due to Patterson's presence on Cooke's premises. As limited to the facts and circumstances of this particular case, we conclude that there was insufficient evidence presented to establish this element.
 {¶ 43} Patterson's first assignment of error has merit.
 {¶ 44} Our disposition of Patterson's first assignment of error renders Patterson's second assignment of error moot.
 {¶ 45} For the foregoing reasons, the judgment of the Chardon Municipal Court is reversed and judgment is entered in favor of appellant.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1