OPINION
{¶ 1} Appellant, Leonard R. Norwood, appeals from the judgment on sentence entered by the Lake County Court of Common Pleas. We affirm.
 {¶ 2} On the night of July 15, 2003, Ted Podolak picked up Gerry Strong at his home for an evening of drinking and playing pool at Safecrackers Lounge in Mentor, Ohio. Over the course of two to three hours, Strong had consumed sufficient alcohol to achieve a "good buzz," while Podolak, "not much of a drinker," had only three beers. *Page 2 
Sometime between 12:00 a.m. and 1:00 a.m. on July 16, 2003, the men decided to leave. Strong exited the bar and began conversing with Keith Kidd, a bouncer at Safecrackers. While outside, Strong noticed appellant, who was accompanied by a smaller individual walking toward him.[1] As appellant passed, Strong was struck on the left side of his jaw. Startled and staggered, Strong looked up and saw that appellant was the only individual in the immediate vicinity. Following the initial strike, Strong testified the smaller individual, who was standing in front of Strong at the time, struck him in the eye twice.
 {¶ 3} Podolak testified he was exiting the bar when he observed appellant coming toward the entrance. Podolak stated he observed appellant turn his body and swing his right arm in a punching motion. Podolak admitted he did not specifically observe appellant strike Strong; however, as he proceeded outside, he witnessed Strong holding his jaw.
 {¶ 4} After the assault, Strong re-entered the bar in pain and "spitting" chunks of teeth. Strong testified he ordered a beer when appellant, who had been readmitted into Safecrackers, approached Strong and apologized. According to Strong, appellant claimed he did not know why he struck Strong and stated he would pay Strong's dental bill.
 {¶ 5} Eventually, Podolak dropped Strong off at his home. The next day, Strong awoke in pain, with his jaw swollen such that he could not open his mouth. Strong was treated at the emergency room and was provided follow-up dental care. His injuries *Page 3 
included a fractured mandible and the loss of several teeth. Strong required a closed-reduction surgery after which his jaw was wired shut for a period of six weeks.
 {¶ 6} On December 3, 2003, appellant was indicted on one count of felonious assault, a second degree felony, in violation of R.C.2903.11(A). On December 14, 2003, appellant waived his right to be present at his arraignment and the trial court entered a plea of "not guilty" on his behalf.
 {¶ 7} On January 5, 2005, a bench trial commenced. After the close of the state's case, appellant moved the court for acquittal pursuant to Crim.R. 29. The trial court denied the motion and found appellant guilty as charged in the indictment. On February 14, 2005, appellant was sentenced to three years incarceration.
 {¶ 8} On March 17, 2005, appellant appealed his conviction and sentence. On June 30, 2006, in State v. Norwood, 11th Dist. No. 2005-L-047, 2006-Ohio-3415, this court affirmed appellant's conviction, but reversed and remanded the matter for resentencing pursuant to the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. On May 26, 2006, the trial court resentenced appellant to the same three year term of incarceration. Appellant now appeals the trial court's judgment on sentence and raises five assignments of error:
 {¶ 9} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum prison term in violation of the due process and ex post facto clauses of the Ohio and United States Constitutions.
 {¶ 10} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term in violation of defendant-appellant's right to due process. *Page 4 
 {¶ 11} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers.
 {¶ 12} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the rule of lenity.
 {¶ 13} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum prison term contrary to the intent of the Ohio legislators."
 {¶ 14} Appellant's five assignments of error collectively challenge the remedy announced under Foster. In short, appellant's first, second, and third assignments of error allege errors of constitutional dimension. Specifically, appellant argues the trial court's application of Foster violates the principle of separation of powers, the Due Process Clause, and the prohibition against ex post facto laws all contained in the United States and Ohio Constitutions.[2]
 {¶ 15} Appellant's fourth assignment of error contendsFoster's remedy runs afoul of the principle of statutory construction known as the "rule of lenity," which requires a trial court to interpret a statute in a manner which would not increase the punishment on a defendant where the intent of the statute is ambiguous. In appellant's view, the rule of lenity mandates he receive the minimum term of 2 years imprisonment for his F-2 conviction. *Page 5 
 {¶ 16} Finally, appellant's fifth assignment of error arguesFoster's remedy is contrary to the intent of the General Assembly. Appellant contends Foster eliminated meaningful appellate review, a primary goal of S.B. 2, by sundering the provisions of the sentencing scheme which required a trial court to articulate findings of fact to support its selected sentence.
 {¶ 17} The errors appellant assigns in the instant matter were considered and addressed at length by this court in State v.Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In Elswick, this court reasoned a trial court's application of Foster did not violate (1) due process, (2) the prohibition against ex post facto laws, or (3) the principle of separation of powers. Elswick, supra, at ¶¶ 21-38. Further, this court determined a sentencing court's application ofFoster does not implicate the rule of lenity. Elswick, supra, at ¶¶ 40-43. Finally, this court held Foster's remedy does not run contrary to the intent of the General Assembly. Elswick, supra, at ¶¶ 45-55. Based upon the authority of Elswick, appellant's assignments of error are without merit.
 {¶ 18} The judgment of the Lake County Court of Common Pleas is therefore affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] Strong testified he had met appellant several months earlier and was on "friendly" terms with him; in fact, Strong indicated he and appellant may have exchanged salutations at the bar that evening.
[2] Article I, Section 10 of the United States Constitution prohibits any state from passing ex post facto laws. Similarly, Section 28, Article II of the Ohio Constitution prohibits the legislature from passing retroactive laws which would impinge on a citizen's vested rights. This clause serves to nullify any law that reaches back to create new burdens, duties, obligations, or liabilities not in existence at the time the statute became effective. See Bielat v. Bielat,87 Ohio St.3d 350, 352-353, 2000-Ohio-451. *Page 1