[Cite as *State v. Ridenour*, 2016-Ohio-3118.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0057** |
| LAUREL NOEL RIDENOUR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00050.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047  (For Plaintiff-Appellee).

*Michael A. Hiener,* P.O. Box 1, Jefferson, OH  44047 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Laurel Noel Ridenour  appeals from the judgment of the Ashtabula County Court of Common Pleas, entered on a jury verdict, sentencing her to 30 months imprisonment for burglary, a third degree felony.  Ms. Ridenour contends her conviction is both based on insufficient evidence, and is against the manifest weight of the evidence.  Finding no error, we affirm.

{¶2} Diane Brown lives at 7452 Kingsboro Drive in Kingsville, Ashtabula County, Ohio. Sadly, Ms. Brown suffers from multiple sclerosis, and is paralyzed from the neck down. She requires 24 hour care. On or about September 5, 2014, Ms. Brown suffered a medical crisis. EMS responded to her home, as did Patrolman Ryan Coy of the North Kingsville Police Department. Patrolman Coy spotted the car of Tonya Azzano, one of Ms. Brown's healthcare workers at the house. He ran a LEADS check, and discovered Ms. Azzano had an outstanding warrant from Lake County, and arrested her. She spent four days in the Lake County Jail. Ms. Brown entered a nursing facility for an extended period of recuperation.

{¶3} Debora Morgan is Ms. Brown's sister, holds her power of attorney, and helps her with her affairs. Several times from September 6, 2014, through October 11, 2014, she stopped by Ms. Brown's house to check it, and pick up mail. October 11, 2014, she noticed that several book bags containing Ms. Azzano's possessions were missing. She further discovered that money and jewelry were gone, as was the spare key Ms. Brown kept beneath a planter on her front porch. She contacted the police.

{¶4} Eventually, Ms. Azzano was arrested for using two of Ms. Brown's credit cards. At trial, she testified that several days following her release from the Lake County Jail, she had Ms. Ridenour drive her to the Brown residence to retrieve her belongings. She said the two entered the house without difficulty, the door being open. She and Ms. Ridenour stole various items, as well as retrieved Ms. Azzano's possessions. Ms. Azzano testified Ms. Ridenour stole the credit cards, and gave them to her. Ms. Azzano testified that neither she nor Ms. Ridenour had permission to be in the house.

{¶5} Police arrested Ms. Ridenour. She admitted to taking two pairs of shoes, dental white strips, silverware, and jewelry from the Brown residence, but denied taking the credit cards. She told police Ms. Azzano used the spare key on the front porch to enter the house.

{¶6} January 29, 2015, Ms. Ridenour was indicted by the Ashtabula County Grand Jury on one count of burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3); one count of petty theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1); and two counts of theft, felonies of the fifth degree, in violation of R.C. 2913.02(A)(1). She pleaded not guilty to all counts. Jury trial commenced August 25, 2015, and concluded the following day, Ms. Ridenour being convicted on all counts. Sentencing hearing went forward September 10, 2015. In its sentencing entry filed September 14, 2015, the trial court found burglary to be an offense of similar import to the three counts of theft, and merged them with the burglary count for sentencing.

{¶7} Ms. Ridenour timely appealed, assigning a single error: "The verdict is against the manifest weight and the sufficiency of the evidence."

{¶8} Regarding manifest weight challenges, this court said in *State v. Higgins*, 11th Dist. Lake No. 2005-L-215, 2006-Ohio-5372, ¶36-37:

{¶9} "'"[M]anifest weight" contests the believability of the evidence presented.'" [*State v. Schlee*, [11th Dist. Lake No. 93-L-082] 1994 Ohio App. LEXIS 5862 [(Dec. 23, 1994)], at *13. '(T)he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts.' *State v. DeHass* (1967), 10 Ohio St.2d 230, * * *, at syllabus. However, when considering a weight of the evidence argument, a reviewing court 'sits as a "thirteenth juror"' and may 'disagree() with the factfinder's

3

resolution of the conflicting testimony.' [*State v.*] *Thompkins*, 78 Ohio St.3d [380,] 387 (1997), citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, * * *. 'The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact.' *Id.*, at 390 (Cook, J., concurring). (Parallel citations omitted.)

{¶10} "'A finding on review that the jury's verdict was against the manifest weight of the evidence must be reserved for those extraordinary cases where, on the evidence and theories presented, and taken in a light most favorable to the prosecution, *no reasonable jury could have found the defendant guilty.*' *State v. Bradford* (Nov. 7, 1988), 5th Dist. No. CA-7522, 1988 Ohio App. LEXIS 4576, at *4, citing [*State v.*] *Martin*, 20 Ohio App.3d [172,] 175 (1st Dist.1983) (emphasis sic).

{¶11} Regarding sufficiency challenges, this court stated:

{¶12} "'A sufficiency of the evidence argument challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable to the prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt.' *State v. Barno*, 11th Dist. No. 2000-P-0100, * * *, 2001 Ohio App. LEXIS 4280, at *16, citing *State v. Jones*, 91 Ohio St.3d 335, 345 * * *. Whether sufficient evidence has been presented to allow the case to go to the jury is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry. *State v. Schlee* (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). A reviewing court will not reverse a jury verdict 'where there is substantial evidence upon which the jury could reasonably conclude that all the elements of an offense have

4

been proven beyond a reasonable doubt.' Id. citing *State v. Eley* (1978), 56 Ohio St.2d 169, * * *, at the syllabus. Thus, an appellate court will examine the evidence and determine whether that evidence, 'if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt.' *State v. Norwood*, 11th Dist. No. 2005-L-047, 2006-Ohio-3415, at ¶15, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, * * *." (Parallel citations omitted.) *Higgins* at ¶22.

{¶13} Ms. Ridenour was sentenced for burglary in violation of R.C. 2911.12(A)(3), which provides, in pertinent part:

{¶14} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶15} "* * *

{¶16} "* * *

{¶17} "(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."

{¶18} Ms. Ridenour first argues she did not commit trespass in Ms. Brown's house. Regarding trespass, R.C. 2911.21(A) provides, in pertinent part:

{¶19} "(A) No person, without privilege to do so, shall do any of the following:

{¶20} "(1) Knowingly enter or remain on the land or premises of another;

{¶21} "(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the

5

offender knows the offender is in violation of any such restriction or is reckless in that regard[.]"

**{¶22}** Ms. Ridenour entered the Brown house as Ms. Azzano's companion. She argues there was no evidence Ms. Azzano had been fired from her position as Ms. Brown's healthcare worker, or that she did not have permission to retrieve the belongings she had stored at the house.

**{¶23}** We disagree. Ms. Azzano specifically testified she did not have permission to enter the house at the time the burglary occurred. Ms. Ridenour was interrogated by Chief Hugh Flanigan of the North Kingsville Police. Chief Flanigan testified she admitted the only person to invite her into the house was Ms. Azzano.

**{¶24}** The state introduced sufficient evidence of trespass. The jury did not lose its way in finding, based on that evidence, a trespass occurred.

**{¶25}** Next, Ms. Ridenour argues there is no evidence she entered the Brown house with the intent to commit any crime – rather, that it was a crime of opportunity, committed when she saw various items she desired. However, as the state notes, she told Chief Flanigan that immediately on entering the house, Ms. Azzano told her to sit down, be quiet, and keep a watch. Further, she admitted to Chief Flanigan she committed the crimes because she is a drug addict, and wished Ms. Azzano, who also uses drugs, to like her, so she could have a companion when getting "high." From this evidence, a jury could reasonably find she entered the house with the intent to commit a crime.

**{¶26}** Finally, Ms. Ridenour argues the Brown house was not an "occupied structure," since Ms. Brown was confined for an extended period to a nursing home.

6

R.C. 2909.01(C)(1) provides that an "occupied structure" includes any building "maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present." Ms. Ridenour does not cite us any case law supporting her proposition that the home of a person undergoing extended hospitalization or rehabilitation becomes, therefore, an "unoccupied structure." We decline to find so, thus subjecting the homes of such individuals to ransacking.

{¶27} The assignment of error lacks merit.

{¶28} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.